# CHESHIRE,

## DECEMBER TERM, A. D. 1852.

---

### SPARHAWK *v.* ALLEN.

A testator bequeathed to his wife one half of his personal estate and the use of one third part of his real estate ; and the residue of his property he gave to his grandchildren, and made the defendant his executor. His wife conveyed to the defendant all her distributive share in the property, and all her interest in the estate, which was administered in the insolvent course, and the defendant received the rents and profits of the land. *Held*, that the rents could not be regarded as part of the personal estate bequeathed to the wife by the will.

Where the administrator of an estate, administered in the insolvent course, receives the rents and profits of the land, the charges and expenses of carrying on the land should be deducted from the rents.

IN EQUITY. This case, after the decree was pronounced, as reported 1 Foster's Rep. 9, was committed to a master to report what estate Mrs. Sparhawk was entitled to by the will of her husband. By the will, the testator bequeathed to his wife, Mary Sparhawk, one half of his personal estate. He also devised to her the use of one third part of his real estate, and the residue of his property he devised to his grandchildren, who are the plaintiffs in this bill, and made the defendant, Allen, his executor. Mrs. Sparhawk, in the year 1847, conveyed to Allen all her interest in the estate of the testator. She also waived the provisions of the will and conveyed to Allen all her distributive share in the property, and made a bill of sale to him of the personal property. These conveyances were made without the knowledge of the plaintiffs, Allen being their guardian, and the bill was brought by them against their guardian, praying that all the

instruments in any way affecting their title should be cancelled, and that the defendant should be decreed to reconvey to them all that portion of the estate which belonged to them by the provisions of the will. The estate was administered in the insolvent course.

The master reported the amount of the rents and profits of the real estate received by the administrator, and the defendant contended that such rents and profits must be considered as part of the personal estate bequeathed to Mrs. Sparhawk by the will, and that one half of the amount, being the sum of $469 96, was her property. But the master did not report the rents as a part of the personal estate, and the defendant excepted to the report for that reason.

*J. Parker*, for the defendant.

We claim this sum as a part of what was given Mrs. Sparhawk by the will, because it is a part of the personal property.

The estate was administered in the insolvent course, and this is a part of the estate of the testator, for which the executor is bound to account. The law provides " that the administrator shall receive the rents and profits of the real estate, in case the estate is insolvent, and shall keep the same in repair, and shall account for the net proceeds thereof in his administration account." Rev. Stat. chap. 159, § 10. , This clause would in terms apply only to a case where the estate is actually insolvent, but this estate was not so. But the intention of the statute is that this section should be applied to estates administered in the insolvent course. The statute is only an abridgment of the act of 1829, N. H. laws, 370, ed. of 1830. This was the original statute, authorizing an executor to ·enter upon real estate, it being before that time understood that he would not do so, and the present law is merely a substitute for the' act of 1829.

It follows, then, that the rents and profits of the real estate are assets for the payment of the debts. They are not

Sparkawk v. Allen.

made so in terms, but become so by the meaning and operation of the statute. If, then, they are assets, they are so for other purposes than the payment of debts, and the fund which they constitute is liable for the expenses of administration, and out of it the court of probate would be authorized to make an allowance to the widow.

II. This fund, thus constituted, being a part of the estate of the testator, the rules of distribution are those which are applicable to other estates administered in the insolvent course. The application of these rules does not depend upon any equitable principles, but is determined by the statute.

III. What, then, is the operation of the statute? Our answer is, that it prevents the descent or devise of the property until a final settlement of the estate, so that no right of possession passes until that time, and until the period arrives when the administrator is no longer entitled to retain the property. The real estate, like the personal property, is preserved by the operation of the statute for the purpose of being administered upon. The heir has no possession, and had none in this case. He had no right of possession, nor right of entry, nor right of action. The executor receives the rents and profits, not as the agent of the heir, but as the representative of the testator. If he has any rights at all, it is as a reversioner, but he has no reversion. The right of the administrator to hold the property cannot be taken from him, except by compelling him to account. Whoever takes the property, takes it through the agency of the administration.

IV. The rents, then, are to be distributed as part of the estate of the testator according to law. They are to be regarded as if he had collected them himself.

V. It follows that the rents must be appropriated as part of the personal estate. They are received as personal estate, and in the right of the testator, and not in the right of the heir. The devisee can make no claim but as devisee, and

not as distributee, and can acquire nothing but through the administration account. The operation of the devise is that Mrs. Sparhawk owned one half of the balance in the hands of the executor, on the settlement of his account. A devisee of real estate cannot set up any claim to money received by the administrator. *Goodtitle* v. *Newman,* 3 Wils. 528.

*Wheeler,* for the plaintiffs.

In this case the plaintiffs are entitled to all the property given them by the will. Mrs. Sparhawk's acts cannot affect their title, but they are to stand as if she had not waived the provisions of the will. In considering the question whether the rents are real or personal estate, we may admit that the law now in force is substantially like the act of 1829. Still the administrator is only the agent of the parties interested to manage the real estate. The heirs are not divested of their rights. It is his duty to show what he has done, and to render an account of the surplus in his hands. It would be contrary to the intention of the law to make the real estate pay the debts of the testator, if the personal property is sufficient for that purpose; but such would be the result of the doctrine contended for by the defendant. The law did not intend to leave it to the discretion of the judge of probate, whether the real estate should be applied to the payment of the debts, if the personal estate is sufficient. Leave is usually granted to an administrator, without much inquiry as to the sum needed, to sell land; but it would not be allowed that more than was necessary should be sold, and the proceeds called personal estate. *Lloyd* v. *Johnes,* 9 Ves. 65. The court will not alter the course of descent. *Curtis* v. *Price,* 12 Ves. 105; *Holme* v. *Stanley,* 8 Ves. 2. Where parties claim under a will, their rights depend on the character given the property by the will, so that personal property may sometimes be called land, and *e converso. Rashley* v. *Masters,* 1 Ves. 201; *Wheldale* v. *Partridge,* 8 Ves. 227, 235. After the death of the testator, no third person

Sparhawk *v.* Allen.

can divest the plaintiffs of the property they are entitled to under the will. But the defendant has attempted to appropriate one half of the property to his own use, when the testator intended it for the benefit of the plaintiffs.

*Parker*, in reply.

There is no reason why the court should construe the Revised Statute to mean anything more than, or different from, the act of 1829.

It is true that these rents are derived from the real estate, but still their character is changed, and they are become personal property. The administrator acts for the benefit of the persons entitled to the property; but still he acts in this capacity as administrator. Our position is the ordinary and legitimate consequence of the law. If there is any thing to lead us to suppose that the law was meant to accomplish something which would not ordinarily be implied, a statute may be construed in such a way as to accomplish that intention. This statute is not to be confined in its operation to creditors only, and we do not understand that its application to creditors is denied.

Where there is no will, this construction will give the widow one-third part of the rents, and there is no reason why that result should be avoided. The devisee comes in by the bounty of the testator, and should take according to the ordinary rule; and there is nothing in the position of these plaintiffs to cause any difference to be made in their favor. The charges for managing the estate are taken out of the personal property. Why should they not as well be charged upon the real estate? The widow, like the plaintiffs, takes by virtue of the will.

GILCHRIST, C. J. The defendant's exception to the master's report is founded on this position, that the rents and profits of the real estate, received by the executor, must be considered as personal property, and as constituting a part

17

of the legacy given to Mrs. Sparhawk by the will. It is the duty of the executor, in this case, to receive the rents of the land and account for them, to be distributed according to law. Revised Statutes, chap. 159, § 10. There are numerous cases where, for the purpose of carrying out the intentions of the testator, land is considered as money, and money, on the other hand, is regarded as land. But the equitable doctrine of constructive conversion is not applicable here. It has long been established that money, directed to be employed in the purchase of land, and land directed to be sold and turned into money, are to be considered as that species of property into which they are directed to be converted. *Fletcher* v. *Ashburner*, 1 Brown C. C. 499; *Wheldale* v. *Partridge*, 5 Ves. 396. It follows, therefore, that every person claiming property under an instrument directing its conversion, must take it in the character which that instrument has impressed upon it; and its subsequent devolution and disposition will be governed by the rules applicable to that species of property. Thus money, directed to be laid out in land, is subject to tenancy by the courtesy. *Sweetapple* v. *Bindon*, 2 Vern. 536; and passes under a devise of lands, tenements and hereditaments. *Rashley* v. *Masters*, 1 Ves. 201. So where lands were devised to be sold, and the produce paid to A, it was held that the property was, at his death, subject to the legacy duty as personal estate, though not actually converted. The whole doctrine of equitable conversion depends upon the well established and familiar principle, that a court of equity looks upon that as done which the parties to an agreement or marriage settlement have contracted to do, or which the testator, by his will, has directed to be done, so far as the contract of the parties or the will could have been carried into effect without violating any equitable principle or rule of law. *Lorillard* v. *Coster*, 5 Paige 173–218. Now it does not appear from the will in this case that the testator had any intention of turning his real estate into money. If the rents

of the land can be regarded as personal property, it must be because that character is given them in some other way than by the will. The personal estate was sufficient to pay the debts. The law requires that that fund should first be exhausted, and then the real estate may be applied for that purpose. If the land is to be turned into money, and then become the property of the widow, or if she is entitled to the rents of the real estate, she will receive a larger sum than the testator contemplated, or than the will would have given her at the time of his decease.

It is not at all necessary that the rents of the land should be regarded as personal property. It was for no such purpose as that, that the law authorized the administrator to receive the rents of the real estate. The object of this provision was, that the administrator might be enabled to do his duty effectually, and for the interest of the parties. The immediate effect of the defendant's position in this case is, that it is for his interest to keep the estate unsettled, and receive the rents and profits for as long a period as possible; for if his reasoning be correct, one half of the rents belongs to him by his conveyance from Mrs. Sparhawk. The proper mode of accounting for the rents and profits is, that the real estate should bear its own burdens, and that the charges and expenses of carrying it on should be deducted from the rents.

*Exceptions overruled.*